UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELE DiCOSALA**, | ) | |
| | ) | |
| Plaintiff, | ) | **No: 16 CV 8813** |
| | ) | |
| vs. | ) | |
| | ) | |
| **SUBARU OF SCHAUMBURG, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

NATURE OF ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole **MICHELE DiCOSALA** ("DiCOSLA"). Defendant, **SUBARU OF SCHAUMBURG, Inc.,** ("SUBARU") discriminated against DICOSALA, a qualified individual with a handicap, because of his disability

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern

District of Illinois, Eastern Division.

## PARTIES

4. DICOSALA is an adult Caucasian and has a national origin as an Italian and a resident of Wheeling, Cook County, State of Illinois.

5. DICOSALA was an employee of Defendant, SUBARU from November 1, 2014 until his discharge in May of 2015.

6. At all times relevant, SUBARU, is a domestic corporation organized under the laws of Illinois.

7. SUBARU is an employer as that term is defined under the American Disability Act at all times material to the allegations herein.

8. DICOSALA has a disability (handicap) in that he suffers from a condition of a bulging disc and herniated disc, in that he has a record of, or is regarded as having a physical impairment that substantially limits one or more of his major life activities but said disability is not related to his ability to perform the essential functions of his assigned duties with SUBARU.

## STATEMENT OF CLAIMS

9. Despite SUBARU listing itself as an equal employment company and having a policy against discrimination to the disabled, SUBARU intentionally discriminated against DICOSALA by subjecting DICOSALA to different terms and conditions of employment because of his handicap an denying him accommodations for his condition, thereafter, discharging DICOSALA from his employment with SUBARU. This discrimination, because of his handicap or disability, violates his rights under both the American Disability Act.

10. SUBARU's acts and omissions to act violate applicable provisions of the American Disability Act.

11. The discriminatory action of SUBARU as set forth above has caused DICOSALA to be harmed in that DICOSALA has suffered in his position, his work environment had become impaired and his work performance was impaired.

12. As a further proximate result of SUBARU's unlawful and intentional discriminatory actions against DICOSALA, as alleged above, DICOSALA has been harmed in that DICOSALA has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, DICOSALA has suffered such damages in an amount according to proof.

13. DICOSALA has no adequate remedy at law to secure relief. If this court does not enter an order for SUBARU to reinstate DICOSALA and thereafter accommodate him, DICOSALA will be irreparably injured.

14. DICOSALA filed a discrimination charge against the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (Group Exhibit "A") and thereafter was sent a "Right to Sue letter" which is dated June 10, 2016 and August 18, 2016 (See Group Exhibit "B"). This charge has timely filed with the Northern District of Illinois.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RACE & NATIONAL ORIGIN DISCRIMINATION)

### Nature of the Action

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, SUBARU having subjected Plaintiff, DICOSALA to racial and national origin discrimination by failure to treat him

3

the same as other non-Caucasian and non-Italian employees despite DICOSALA'S complaints about same.

16. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

17. Defendant by its action or in actions of its agents treated DICOSALA differently than non- Caucasian and non-Italian employees in the handling of his work environment.

18. Management failed to take any corrective action in allowing his requests for accommodations requested by DICOSALA because he is a Caucasian and Italian, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

19. By reason of the racial discrimination of SUBARU, DICOSALA has suffered a loss of
earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

20. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## (ADA-RETALIATION)

21. DICOSALA realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. SUBARU has intentionally retaliated against DICOSALA, based upon accommodations with SUBARU's human resources. Wherein, Defendant's agents created a hostile, an offensive and a retaliatory work environment in his termination, all in violation under Title I of the Americans with Disabilities Act of 1990 and Title I of the

4

Civil Rights Act of 1990. By reason of the retaliation of SUBARU, DICOSALA has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

24. Further, said action on the part of the SUBARU was done with malice and reckless disregard for DICOSALA'S protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (FMLA-RETALIATION)

### PRELIMINARY STATEMENT

25. DICOSALA repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. DICOSALA brings this action against Defendants seeking monetary damages, injunctive relief and declaratory relief resulting from Defendants' violation of Section 2615 of the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (a)(1) and § 2615 (b). Specifically, DICOSALA alleges that the Defendant interfered with the

exercise of his rights under the FMLA, retaliated and discriminated against him his attempt to exercise his rights under the FMLA.

## JURISDICTION AND VENUE

27. This Court has jurisdiction over Plaintiffs FMLA claim pursuant to 29 U.S.C. § 2617 (a)(2), 28 U.S.C. § 133 1 and 28 U.S.C. § 2201 . This Court is the appropriate venue under 28 U.S. C. § 1391.

## APPLICABLE LAW

28. The Family Medical Leave Act of 1993 entitles employees to take up to 12 weeks of unpaid leave "for medical reasons...health condition." 29 U.S.C. § 2601 (b)(2).

29. An "eligible employee" under the FMLA is an employee who has been employed: a)for at least 12 months by the employer with respect to whom leave is requested and b) for at least 1,250 hours during the previous 12-month period. 29 U.S.C. § 2611 (2)(A).

30. An "employer" is defined by the FMLA to include "any person engaged in commerce or industry or activity affecting commerce or who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 261 1 (4)(A)(i).

31. The term "serious health condition means "an illness, injury, impairment, or physical or mental condition that involves: a) "inpatient care in a hospital, hospice or residential medical care facility" or b) "continuing treatment by a health care provider." 29 U.S.C. § 261 1 (1 1).

32. After an employee notifies his/her employer of the need for leave from work for a reason that might qualify for FMLA leave, an employer must provide written notice to the employee detailing the specific expectations and obligations of the employee under the FMLA and explaining any consequences of a failure to meet these obligations. 29 C.F.R. § 825.301(b)(1).

33. An employee may take FMLA leave on an intermittent basis as long as the employer agrees to it. 29 C.F.R. § 825. 203.

34. It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or an attempt to exercise" an employee's FMLA rights. 29 U.S.C. § 2615 (a)(1).

35. The FMLA also prohibits employees from discharging or discriminating against an employee "for taking part in proceedings or inquiries under FMLA." 29 U.S.C. § 2615 (b).

## STATEMENT OF CLAIM

### Violation of Plaintiffs Rights Under the Federal Family and Medical Leave Act

36. At all times relevant hereto, DICOSALA was an "employee" within the meaning of Section 261 1 (2)(A) of the FMLA, 29 U.S.C. § 261 1 (2)(A) because at the time she requested FMLA leave he was employed by the SUBARU for more than 12 months and had worked over 1,250 hours during the preceding 12 months.

49. At all times relevant hereto, SUBARU was considered to be an "employer" within the meaning of Section 2611 (4)(A) of the FMLA 29 U.S.C. § 2611 (4)(A).

28. Defendant's and their agents interfered with DICOSALA's exercise of his FMLA rights.

7

. 29. By disciplining and denying DICOSALA's accommodation's, Defendants' and their agents unlawfully interfered with, restrained, or denied the exercise of his rights under the FMLA in violation of 29 U.S.C. § 2615 (a)(1) and/or retaliated against him for exercising those rights in violation of 29 U.S.C. § 2615 (b).

30. Defendants' violations of the FMLA were not in good faith and Defendant did not have reasonable grounds for believing that their actions were not a violation of the Act.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MILDREY D. DICOSALA, respectfully request that this Court:

A. Pursuant to any jury verdict for Plaintiff, direct the Defendant to pay damages equal to the amount of the wages, salary, employment benefits, and any other compensation which he was denied or lost as a result of the violation, plus pre-judgment interest on this amount at the prevailing rate. 29 U.S.C. § 2617 (a)(1)(A)(i),(ii).

B. Pursuant to any jury verdict for Plaintiff, direct the Defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph. 29 U.S.C. § 2617 (a)(1)(A)(iii).

C. Award Plaintiff his cost in bringing this action, including reasonable expert witness fees, and other cost of the action to be paid by the Defendants. 29 U.S.C. § 2617 (a)(3).

D. Grant any such further relief as the Court deems just and proper.

MICHELE DICOSALA<br>
BY:<b>/s/ Michael T. Smith</b><br>
Michael T. Smith<br>
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626